IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VINCENT WESLEY HALLMAN** | : |
| | : |
| v. | :   CIV. NO. 12-473 |
| | : |
| **MONTGOMERY COUNTY COURT HOUSE, et al.** | : |
| | : |

_____

## DECISION

Plaintiff Vincent Hallman, a state prisoner, filed this *pro se* civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985, asserting constitutional claims based on a 2006 arrest and subsequent trial that resulted in his conviction. In a February 9, 2012 Order, I granted Plaintiff leave to proceed in forma pauperis and dismissed his Complaint without prejudice, allowing him to amend if he could cure the deficiencies in his original Complaint. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's Amended Complaint is now before me, and I will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons that follow.

### I.   FACTS

Plaintiff names as defendants the Montgomery County Police Department, several officers and an evidence technician, the Montgomery County Courthouse, the Common Pleas Court judge who presided over Plaintiff's criminal trial, the prosecutor, and four attorneys appointed to represent Plaintiff during his trial, appeal, and post-conviction proceedings. According to the Amended Complaint, Plaintiff was arrested in September 2006 after police apprehended him running from the scene of a robbery. Plaintiff asserts that he was falsely arrested and that the officers planted evidence to inculpate him. He also asserts that the police department's investigation of the crime was "unlawful, unreasonable, and arbitrary." (*Compl.* ¶ 17.)

Plaintiff was charged with crimes related to the robbery, and received court-appointed counsel. He contends that deficiencies in the information deprived the state court of subject matter jurisdiction, but that court-appointed trial and appellate counsel failed to raise or pursue this issue. Plaintiff was convicted after a 2007 jury trial and sentenced to 20-and-a-half to 44 years imprisonment. He alleges that the judgment is void because the trial court lacked subject matter jurisdiction to convict him. Plaintiff also contends that the judgment results from Defendants' purported conspiracy against him.

The Amended Complaint does not reflect the status of Plaintiff's post-conviction proceedings, but indicates that Plaintiff is challenging or has challenged his convictions in a federal habeas proceeding. Plaintiff brings constitutional claims for false arrest, false imprisonment, malicious prosecution, conspiracy, and violation of his due process rights, as well as a state law claim for intentional infliction of emotional distress. He seeks compensatory and punitive damages, and also appears to seek injunctive relief.

**II.   LEGAL STANDARDS**

As Plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) applies. That statute requires me to dismiss the Amended Complaint if it is frivolous or malicious, fails to state a claim, or includes a claim for monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by Rule 12(b)(6) standards. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, I must determine whether the Amended Complaint includes "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations omitted). I may also consider matters of public record and exhibits attached to the Amended Complaint. Buck v.

Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).  If an affirmative defense is obvious from the face of the Amended Complaint, and if no development of the record is necessary, I may dismiss any facially invalid claims *sua sponte*.  See Poole v. Marks, 441 F. App'x 854, 856 n.5 (3d Cir. 2011) (citing Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006)).

### III.  DISCUSSION

To the extent Plaintiff seeks release from prison in this action, his claims are barred because the proper vehicle for such claims is a petition for a writ of habeas corpus.  See 28 U.S.C. § 2254; Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Furthermore, as was the case with his original Complaint, Plaintiff's malicious prosecution, conspiracy, and other claims for damages based on alleged constitutional deficiencies in his convictions are not cognizable under § 1983 because Plaintiff's convictions have not yet been vacated or otherwise invalidated. "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted).  Although Plaintiff indicates that he has filed a habeas petition to challenge his convictions, a review of the docket reveals that the petition is still pending.  (See Hallman v. Collins, E.D. Pa. Civ. A. No. 12-661.)   Moreover, the docket of Plaintiff's state court proceedings reflects that he has not yet obtained post-conviction relief in state court.  Accordingly, Plaintiff may not bring his damages claims under § 1983 at this time.  Plaintiff's malicious

prosecution claim also fails independently of Heck because he cannot establish favorable termination of the proceedings against him. See Kossler v. Crisanti, 564 F.3d 181, 190 n.6 (3d Cir. 2009) (en banc).

Plaintiff's false arrest and false imprisonment claims are time-barred. As I explained in my Order dismissing Plaintiff's original Complaint, the limitations period governing Plaintiff's § 1983 claims is the same as that of personal injury claims in the state where the cause of action arose. Wallace v. Kato, 549 U.S. 384, 387 (2007). In Pennsylvania, this is two years. See 42 Pa. Cons. Stat. § 5524(2). Plaintiff's claims for false arrest and false imprisonment accrued in 2006, when he was detained pursuant to legal process following his arrest. See Wallace, 549 U.S. at 389; Dique v. N.J. State Police, 603 F.3d 181, 187 (3d Cir. 2010). Because Plaintiff did not file his Complaint until 2012, however, his false arrest and false imprisonment claims–which he brought in 2012–are well outside the two-year limitations period.

I find no basis for tolling. Pennsylvania law, which applies unless inconsistent with federal law, prohibits judicial extensions of the statute of limitations absent fraud or its equivalent. See 42 Pa. Cons. Stat. § 5504(a); Dique, 603 F.3d at 185; see also Aivazoglou v. Drever Furnaces, 613 A.2d 595, 598 (Pa. Super. Ct. 1992). Under federal law, "[e]quitable tolling is appropriate in three general scenarios: (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum." Lake v. Arnold, 232 F.3d 360, 370 n.9 (3d Cir. 2000). I need not decide which law applies here because there is no basis for tolling under either standard. Plaintiff contends that the statute of limitations should be tolled because post-conviction

counsel, who was appointed in January 2010, stalled his post-conviction proceedings "with deliberate indifference, obstructive and[/]or evasive intentions." (*Compl.* ¶ 20.) Even taking those contentions to be true, they provide no basis for tolling Plaintiff's false arrest and false imprisonment claims, which accrued more than three years before post-conviction counsel was appointed to represent Plaintiff.

To the extent Plaintiff is raising a state law claim for intentional infliction of emotional distress, it is not clear whether diversity jurisdiction exists over that claim because the Amended Complaint does not indicate where Plaintiff was domiciled prior to his incarceration. See Pierro v. Kugel, 386 F. App'x 308, 309 (3d Cir. 2010) ("[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment."). Although district courts "should ordinarily allow a plaintiff to amend his complaint to properly allege . . . citizenship," I will not provide Plaintiff with leave to amend because I find that amendment would be futile. Id. at 310. Plaintiff's intentional infliction of emotional distress claims against all Defendants except post-conviction counsel are barred by the applicable two-year statute of limitations. See Pa. Cons. Stat. § 5524(7). These claims are based on acts that those defendants took more than two years before Plaintiff filed this action. Further, there is no basis for an emotional distress claim against post-conviction counsel because counsel's alleged failure to raise a legal argument during post-conviction proceedings and his deliberate delay of those proceedings does not constitute conduct "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Hunger v. Grand Cent. Sanitation, 670 A.2d 173, 177 (Pa. Super. Ct. 1996) (quoting Restatement (Second) of Torts § 46 cmt. d); see also Hoy v. Angelone, 720 A.2d 745, 754 (Pa. 1998) ("Cases

which have found a sufficient basis for a cause of action of intentional infliction of emotional distress have had presented only the most egregious conduct.").

## IV.   CONCLUSION

For these reasons, I will dismiss the Amended Complaint for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).  I will not again grant Plaintiff leave to amend because I find that a second amendment would be futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 113 (3d Cir. 2002).  I will, however, allow Plaintiff to reinstate those claims barred by Heck v. Humphrey, 512 U.S. 477 (1994), in the event Plaintiff's sentence is invalidated. An appropriate Order follows.

Done this 28th day of March, 2012.

/s/ Paul S. Diamond

_____
**Paul S. Diamond, J.**